United States District Court
Southern District of Texas
FILED

MAR 2 4 2004

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| YOLANDA TREVINO | § | |
| | § | **B-04-054** |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| | § | **JURY DEMANDED** |
| | § | |
| ALLSTATE PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE INDEMNITY COMPANY, mistakenly named in Plaintiff's Original Petition as ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY, and, pursuant to Rule 15, Federal Rules of Civil Procedure, and 28 U.S.C. Sections 1441 and 1332, files this its Notice of Removal and in connection therewith would respectfully show the Court the following:

### I.

Petitioner is the Defendant in a civil action now pending in the County Court at Law Number Three in Cameron County, Texas, Cause Number 2004-CCL-0252-C, styled *Yolanda Trevino v. Allstate Property & Casualty Insurance Company,* wherein Plaintiff seeks monetary and other relief for personal injuries and constitutional injuries sustained by Plaintiff.

## II.

The district courts of the United States have original jurisdiction over this action based on diversity of citizenship among the parties, in that the Defendant is diverse in citizenship from the Plaintiff. No defendant is a citizen of the State of Texas.

## III.

The Plaintiff, YOLANDA TREVINO, is domiciled in Cameron County, in the State of Texas, and was domiciled there at the time this action was commenced. Plaintiff was at that time and is now a citizen of the State of Texas. Allstate Indemnity Company (and Allstate Property & Casualty Insurance Company), the Defendant, is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Defendant is now, and was at the time this action was commenced, a citizen of the State of Illinois and of no other state.

## IV.

The amount in controversy in this action exceeds, exclusive of interests and costs, the sum of Seventy-Five Thousand Dollars ($75,000.00). Should Plaintiff prevail on the claims against Defendant stated in the Plaintiff's Original Petition, attached to this Notice, Plaintiff would be entitled to damages in excess of Seventy-Five Thousand Dollars ($75,000.00)

## V.

Removal of this action is proper under 28 U.S.C. §1441, since it is a civil action brought in a state court, and the federal district courts have original jurisdiction over the

rom\motions\23751.removal

subject matter under 28 U.S.C. §1332 because the plaintiff and defendant are diverse in citizenship and the amount in controversy exceeds $75,000.00.

## VI.

This notice of removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Original Petition, which was the first notice to Defendant of this lawsuit. This removal is filed under 28 U.S.C. Section 1446(b).

## VII.

Petitioner's time to answer or remove with respect to the Plaintiff's Original Petition has not expired. Plaintiff's Original Petition was served on the Defendant on March 2, 2004.

## VIII.

This action is one over which this Court has original jurisdiction under the provisions of 28 U.S.C. Section 1331 and this action may be removed to this Court by Petitioner, pursuant to the provisions of 28 U.S.C. Section 1441. Copies of all pleadings including the docket sheet on file with the State Court are attached hereto.

WHEREFORE, ALLSTATE INSURANCE COMPANY, Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, removes this action for trial from the County Court at Law Number Three in Cameron, County, Texas to this Court, on this 24th day of March, 2004.

Respectfully submitted,

ROERIG, OLIVEIRA, & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas  78520
(956) 542-5666
(956) 542-0016 (Fax)

BY: _____
       JEFFREY D. ROERIG
       Federal ID #1503
       State Bar #17161700

Rosemary Conrad-Sandoval
ROERIG, OLIVEIRA & FISHER, L.L.P.
506 East Dove
McAllen, Texas   78504
(956) 631-8049
(956) 631-8141 (Fax)

ATTORNEYS FOR DEFENDANT

## **VERIFICATION**

THE STATE OF TEXAS        :
                                     :
COUNTY OF CAMERON        :

       I, JEFFREY D. ROERIG, being first duly sworn, deposes and says that: I am counsel

for Petitioner, ALLSTATE INDEMNITY COMPANY; I am familiar with the contents of

the above; and to the best of my knowledge the contents thereof are true and correct.

                               _____

                                       JEFFREY D. ROERIG

       SUBSCRIBED AND SWORN TO BEFORE ME by the said JEFFREY D. ROERIG,
this 23rd day of March, 2004, to certify which witness my hand and seal of office.

                               _____

                               Notary Public, State of Texas

RUTH MONK
Notary Public, State of Texas
My Commission Expires 12-07-2005

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Removal has been mailed, Certified Mail No. 7160 3901 9848 1268 4935, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, TX   78586

on this 24th day of March, 2004.

JEFFREY D. ROERIG

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA TREVINO | § | |
| | § | CIVIL ACTION NO. B - 04 - 054 |
| VS. | § | |
| | § | JURY DEMANDED |
| | § | |
| ALLSTATE PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY | § | |

## LIST OF COUNSEL OF RECORD

**ATTORNEY FOR PLAINTIFF**:
Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, TX   78586
State Bar No. 05006900
(956) 399-2496
(956) 399-7398 (Fax)

**ATTORNEYS FOR DEFENDANT**:
Mr. Jeffrey D. Roerig
Fed. I.D. No. 1503
State Bar No. 17161700
ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas   78520
(956) 542-5666
(956) 542-0016 (Fax)

Ms. Rosemary Conrad-Sandoval
Fed. I.D. No. 13738
State Bar No. 04709300
ROERIG, OLIVEIRA & FISHER, L.L.P.
506 East Dove
McAllen, TX   78504
(956) 631-8049
(956) 631-8141 (Fax)

LIST OF COUNSEL - Solo Page

rom\motions\24120.counsel

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **YOLANDA TREVINO** | § | |
| | § | |
| | § | **CIVIL ACTION NO. _____** |
| **VS.** | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **ALLSTATE PROPERTY &** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |

## ORDER FOR CONFERENCE AND DISCLOSURE OF INTERESTED PARTIES

1.    Counsel shall appear for an initial pretrial and scheduling conference before

U. S. Judge _____
on _____, 2003, at \_\_\_\_\_ o'clock \_\_\_.M.
At the United States District Courthouse
Brownsville, Texas
(Conference may be held telephonically if requested)

2.  Counsel shall prepare and file with the clerk within fifteen days from receipt of this order a certificate listing all persons, associations of persons, firms, partnerships, corporations, affiliates, parent corporations, or other entities that are financially interested in the outcome of this litigation. If group can be specified by a general description, individual listing is not necessary. Underline the name of each corporation whose securities are publicly traded. If new parties are added or if additional persons or entities that are financially interested in the outcome of the litigation are identified at any time during the pending of this litigation, then each counsel shall promptly file an amended certificate with the clerk.

3.  Fed.R.Civ.P. 4(m) requires defendant(s) to be served within 120 days after the filing of the complaint. The failure of plaintiff(s) to file proof of service within 120 days after the filing of the complaint may result in dismissal of this action by the court on its own initiative.

4.  After the parties meet as required by Fed.R.Civ.P. 26(f), counsel shall prepare and file not less than 10 days before the conference, a joint report of meeting and joint discovery/case management plan containing the information required on the attached form.

5.  The Court will enter a scheduling order and may rule on any pending motions at the conference.

6.  Counsel who file(s) or remove(s) an action *is responsible or providing the other parties with a copy of this order and in addition* must serve a copy of this order with the summons and complaint or with the notice of removal.

7.  Attendance by an attorney who has authority to bind the party is required at the conference.

8.  Counsel shall discuss with their clients and each other whether alternative dispute resolution is appropriate and at the conference shall advise the Court of the results of their discussions.

9.  A person litigating pro se is bound by the requirements imposed upon counsel in this Order.

10.  Failure to comply with this order may result in sanctions, including dismissal of the action and assessment of fees and costs.

By Order of the Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **YOLANDA TREVINO** | §<br>§<br>§ | CIVIL ACTION NO. B-04-054 |
| **VS.** | §<br>§<br>§ | **JURY DEMANDED** |
| **ALLSTATE PROPERTY &**<br>**CASUALTY INSURANCE COMPANY** | §<br>§<br>§ | |

### JOINT REPORT OF RULE 26(f) MEETING
### AND
### JOINT DISCOVERY AND CASE MANAGEMENT PLAN

1.  State when and where the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.

2.  List the cases related to this one that are pending in any state or federal court, with the case number and court.

3.  Briefly describe what this case is about.

4.  Specify the allegation of federal jurisdiction.

5.  Name the parties who disagree and the reasons.

6.  List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

7.  List anticipated interventions.

8.  Describe class-action issues.

9.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

10. Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f).

B.     When and to whom the Plaintiff anticipates it may send interrogatories.

C.     When and to whom the Defendant anticipates it may send interrogatories.

D.     Of whom and by when the Plaintiff anticipates taking oral depositions.

E.     List depositions Defendants anticipate taking and their anticipated completed date. See Rule 26(a)(2)(b) (expert report).

F.     When the Plaintiff (or the party with the burden of proof on the issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

G.     List expert depositions the Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

H.     List expert depositions the Defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

11.     If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

12.     Specify the discovery beyond initial disclosures that has been undertaken to date.

13.     State the date the planned discovery can reasonably be completed.

14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

15.     Describe what each party has done or agreed to do to bring about a prompt resolution.

16.     From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

17.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

18.     State whether a jury demand has been made and if it was made on time.

19.    Specify the number of hours it will take to present the evidence in this case.

20.    List pending motions that could be ruled on at the initial pretrial and scheduling conference.

21.    List other motions pending.

22.    Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

23.    Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing of original and any amendments.

24.    List the names, bar numbers, addresses and telephone numbers of all counsel.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **YOLANDA TREVINO** | § | |
| | § | |
| | § | **CIVIL ACTION NO.  B-04-054** |
| **VS.** | § | |
| | § | **JURY DEMANDED** |
| | § | |
| **ALLSTATE PROPERTY &** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |

## INDEX OF MATTERS FILED

I.    State Court Documents

      A.    Plaintiff's Original Petition

      B.    Citation to Allstate Insurance Company

      C.    Defendant's Original Answer

      D.    Civil Docket Sheet

      E.    Notice of Filing Notice of Removal

II.   Federal Court Documents

      A.    Civil Cover Sheet

      B.    Notice of Removal

      C.    List of Counsel of Record

      D.    Order for Conference and Disclosure of Interested Parties

      E.    Index of Matters Filed



NUMBER: 2004-CCL-252-C

IN THE COUNTY COURT AT LAW # _____, CAMERON COUNTY, TEXAS

FILED FOR RECORD

AT ____ O'CLOCK ____ M

FEB 2 0 2004

JOE G. RIVERA
CAMERON COUNTY CLERK
By _____ Deputy

YOLANDA TREVINO                          §
                                         §
VS.                                      §
                                         §
ALLSTATE PROPERTY & CASUALTY             §
INSURANCE COMPANY                        §

-oOo-

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **YOLANDA TREVINO,** Plaintiff herein complaining of **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY ,** Defendant, and for cause of action would show unto the Court as follows:

### 1. DISCOVERY

Level of discovery for this suit shall be under Plan 2 as set out in the Texas Rules of Civil Procedure.

### 2. PARTIES

Plaintiff **YOLANDA TREVINO** is a resident of Cameron County, Texas.

Defendant **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** is an insurance company doing business in the State of Texas, and may be served with process by serving its registered agent for service, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Dallas County, Texas 75201.

2004-CCL-0252C

## 3. JURISDICTION

The Court has jurisdiction over defendants because defendants are Texas residents. The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.

## 4. VENUE

Venue is proper in Cameron County, Texas. Specifically, venue is allowed in this county because all of the events or omissions occurred in this county.

## 5. FACTS

On or about June 22, 2000, Plaintiff **YOLANDA TREVINO** was stopped at a stop sign at the 4000 block of El Jardin Height Road and FM 511. As she waited for approaching traffic to go by, she was suddenly and unexpectedly struck from behind by a vehicle.

Plaintiff **YOLANDA TREVINO** is insured with **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**.

As a result of the incident in question, Plaintiff **YOLANDA TREVINO** sustained severe and disabling injuries.

## 6. UNINSURED/UNDERINSURED MOTORIST COVERAGE

At the time of the incident made the basis of this cause of action, Plaintiff was protected against loss caused by bodily injury resulting from the ownership, maintenance, or use of an uninsured motor vehicle by a policy of insurance issued by Defendant **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY.**

Defendant **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** is hereby given notice to produce such policy of insurance on the trial of this case. If necessary, secondary evidence will be introduced by the Plaintiffs to prove existence and terms of the policy

Plaintiffs would further show that such liability insurance policy provided for "Uninsured/Underinsured Motorist Coverage", which in part provided that in the event the Plaintiff or an authorized driver or passenger or family member suffered injury at the hands of an uninsured/underinsured motorists, and that such motorist was legally responsible for same, the Plaintiff would be paid for damages received as a result of such occurrence. Plaintiff has met all conditions precedent to recovery under the "Uninsured/Underinsured Motorist Coverage."

## 7. NEGLIGENCE

The incident made the basis of this cause of action and the resulting injuries were proximately caused by the negligence of Defendant **MARIA ELENA SALDANA,** in the following respects:

a)    Failing to keep a proper lookout as a person using ordinary care would have done;

b)    Failing to apply the vehicles brakes in a timely fashion as a person using ordinary care would have done;

c)   Failing to swerve either to the left or the right to avoid the complained of collision as a person using ordinary care would have done;

**Plaintiffs would further show that Defendant MARIA ELENA SALDANA was negligent per se in the following respects:**

d)   Failing to stop, yield and grant immediate use of an intersection in obedience to any stop sign, yield right of way sign or traffic control device in violation of V.T.C.A., Transportation Code §545.151(a)(1) and §545.151(a)(2);

e)   Driving at an excessive rate of speed in violation of V.T.C.A., Transportation Code §545.351(a); §545.351(b)(1); §545.351(b)(2);

f)   Failing to stop at a stop sign in violation of V.T.C.A., Transportation Code §544.010(a)(b)(c)..

g)   Failing to yield the right of way at an intersection in violation of V.T.C.A., Transportation Code §545.153(a); §545.153(b);

h)   Failing to maintain an assured clear distance between her vehicle and that driven by Plaintiff in violation of V.T.C.A., Transportation Code §545.062(a);

i)   Driving in a reckless manner in violation of V.T.C.A., Transportation Code §545.401(a).

Each of the above acts or omissions, constituted negligence and negligence per se which caused the accident made the basis of this cause of action and Plaintiffs injuries and damages as more fully setout in the paragraphs below.

## 8.

Having determined that **MARIA ELENA SALDANA** was, at the time of the occurrence described above, operating an underinsured motor vehicle, as that term is defined in the policy of insurance issued to Plaintiff **YOLANDA TREVINO** by the Defendant **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY**, plaintiff timely and properly notified Defendant **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** of the accident. Plaintiff has fully complied with all the conditions of the insurance policy prior to bringing this suit.

Nevertheless, defendants **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** has failed and refused, and still fails and refuses, to pay plaintiff any benefits under this policy as it is contractually required to do.

## 9. DAMAGES/YOLANDA TREVINO

As a direct result of the incident made the basis of this cause of action, Plaintiff **YOLANDA TREVINO,** thirty-six (36) years of age at the time of the incident in question, sustained severe injuries to her neck, upper back, right shoulder, and body in general, together with soft tissue injuries, mental pain and suffering.

As a proximate result of the incident in question, Plaintiff **YOLANDA TREVINO,** suffered shock, physical pain, mental anguish, sustained a loss of physical ability, and incurred expenses for health care services.

Plaintiff **YOLANDA TREVINO,** who has a life expectancy of 44.9 years, still suffers from the injuries sustained, and in all reasonable probability she will continue to suffer in the future and throughout her life expectancy.

Therefore, Plaintiff    **YOLANDA TREVINO,**    says that she has sustained a permanent loss of both earning capacity and physical ability, will suffer physical pain and mental anguish in the future, and will incur future expenses for health care services.

As a proximate result of the incident in question and the injuries sustained, Plaintiff **YOLANDA TREVINO,**   has been damaged as follows:

a)    Physical pain and mental anguish suffered in the past in an amount that exceeds the minimum jurisdictional limits of the court; together with prejudgment interest thereon.

b)    Loss of physical ability in the past in an amount that exceeds the minimum jurisdictional limits of the Court; together with prejudgment interest thereon.

c)    Diminished capacity to work and earn money in the past in an amount that exceeds the minimum jurisdictional limits of the Court; together with prejudgment interest thereon.

d)    Physical pain and mental anguish which will be suffered in the future, in an amount that exceeds the minimum jurisdictional limits of the Court;

e)    Diminished capacity to work and earn money in the future in an amount that exceeds the minimum jurisdictional limits of the Court;

f)    Loss of physical ability in the future in an amount that exceeds the minimum jurisdictional limits of the Court;

g)    Expenses for health care services to date; together with prejudgment interest thereon.

h)    Future expenses for health care services in an amount that exceeds the minimum jurisdictional limits of the Court.

**10.**

Defendant **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** breached its duty to act fairly and in good faith by refusing to pay Plaintiff benefits under her uninsured/underinsured policy and by failing to pay for services provided by health care providers. Defendant **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY** knew or should have known that no reasonable basis existed for denying coverage under said policy, making Defendants breach of its duty of good faith and fair dealings tortuous.

As a proximate result of Defendant **ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY'S** tortuous conduct, Plaintiff has been unable to obtain the benefits owed to her under the insurance policy and has been left without required medical attention. This has resulted in Plaintiff sustaining damage from physical pain and severe mental anguish which should and would have been avoided, had Defendant dealt fairly and acted in good faith with Plaintiff. Plaintiff would further show that these damages exceed the minimum jurisdictional limits of the Court.

Plaintiffs would also show that the Defendants conduct was malicious, fraudulent or done with actual conscious indifference to the right, safety and welfare of Plaintiff and she is therefore additionally entitled to recovery of exemplary damages.

In the alternative and without waiving any of the above and foregoing, Plaintiff would show unto the Court that at the time of the incident in question, she was a consumer as the term is defined by Sec. 17.45(4) of the Deceptive Trade Practices Consumer Protection Act (hereinafter DTPA). The act or practice of refusing to pay the insured under the policy provisions is in violation of the following provisions of the DTPA:

(1)    Sec. 17.50 (a)(4): the use by the insurance company of an act or practice in violation of Art. 21.21 Tx.INS.CODE, or rules or regulations issued by the State Board of Insurance under Art. 21.21, Tx.INS.CODE, AS AMENDED.

(2)    Sec. 17.50(a)(3): any unconscionable action or course of action by the insurance company.

(3)    Sec. 17.50(a)(2): breach of the insurance company's expressed warranty.

(4)    Sec. 17.50(a)(2): breach of the insurance company's implied warranty.

(5)    Sec. 17.46 as it applies:

    a)  causing confusion or misunderstanding as to the source, sponsorship, approval or certification of the insurance policy and its coverage, Sec. 17.46 (b)(2);

    b)  representing that the insurance policy and its coverage has sponsorship, approval, characteristics, uses, benefits or quantities which it did not have, Sec. 17.46 (b)(5);

    c)   representing that the insurance policy and its coverage were of a particular standard, quality or grade when they are of another, Sec. 17.46(b)(7);

    d)  advertising services with the intent not to sell them as advertised, Sec. 17.46(b)(9);

    e)  representing that the insurance policy and its coverage confers or involves rights, remedies or obligations which it does not have, Sec. 17.46(b)(12);

    f)  misrepresenting the authority of a salesman, representative or agent to negotiate the final terms of a consumer transaction, Sec. 17.46(b)(14);

    g)  the failure to disclose information concerning the services which was known at the time of the transaction as such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed, Sec. 17.46(b)(24).

### 11.

Plaintiff would show unto the Court that in addition to her actual damages as more fully setout herein above, she is entitled to recover two (2) times that portion of her actual damages that do not exceed $1,000.00 and three (3) times the amount of actual damages in excess of $1,000.00 since Defendant's actions as set forth hereinabove, were committed knowingly.

## 12. ATTORNEYS FEES

Defendant refuses to pay its limits regarding this claim to Plaintiff. Plaintiff has on several occasions written to defendant but has received only minimal offers to settle this claim. Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, Plaintiff is entitled to recover from Defendant the additional sum of 18 percent per year of the amount payable under the policy, together with a reasonable sum for the necessary services of plaintiff's attorney in the preparation of the trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

## 13.  DEMAND FOR JURY

Plaintiff demands a jury trial and tenders the appropriate fee.

## 14.  PRAYER

**WHEREFORE,** Plaintiff prays that upon trial, Plaintiff recover her  damages from Defendant  as alleged, along with prejudgment interest, post judgment interest, costs and general relief.

RESPECTFULLY SUBMITTED,

LAW FIRM OF RANDALL P. CRANE
201 S. SAM HOUSTON
SAN BENITO, TEXAS 78586
Tel. (956) 399-2496
Fax (956) 399-7398
BY:_____
RANDALL P. CRANE
STATE BAR #05006900



Citation for Personal Service  - GENERAL                    Lit. Seq. # 5.002.01

No. 2004-CCL-00252-C

# T H E   S T A T E   O F   T E X A S

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT:C.T. CORPORATION SYSTEM
350 N. ST. PAUL
DALLAS, TEXAS 75201

the          DEFENDANT          , GREETING:

You are commanded to appear by filing a written answer to the Plaintiff's
PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable County Court At Law No. 3 of Cameron County at the Court House of said county in Brownsville, Texas.

Said Plaintiff's Petition was filed in said court, by
RANDALL P. CRANE          (Attorney for Plaintiff or Plaintiff),
whose address is 201 S. SAM HOUSTON SAN BENITO, TEXAS  78586
on the 20th day of FEBRUARY , A.D. 2004, in this case numbered 2004-CCL-00252-C
on the docket of said court, and styled,

YOLANDA TREVINO
vs.
ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's          PLAINTIFF'S ORIGINAL PETITION

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 23rd day of FEBRUARY , A.D. 2004.

JOE G. RIVERA          , County Clerk
Cameron County
974 E. Harrison St.
(P.O. Box 2178)
Brownsville, Texas 78522-2178

By: _Lucila Cardenas_          , Deputy
LUCILA CARDENAS

# R E T U R N   O F   O F F I C E R

Came to hand the 26th day of February , 2004 , at 10:15 o'clock A .M., and executed (not executed) on the ____ day of _____ , by delivering to Allstate Property & Casualty Insurance Company Ct Corporation System in person a true copy of this Citation, upon which I endorsed the date of delivery, together with the accompanying copy of the Plaintiff's original Petition  CMRR: 7003-2030-0000-5031-5749. ____

Cause of failure to execute this citation is: _____.

FEES serving 1 copy

Total....... $ 55

_____, Sheriff/Constable Cameron County, Texas

By _____ , Deputy

Fees paid by: _____          JOSE A. _____  , ALLSTATE



CAUSE NO. 2004-CCL-00252-C

YOLANDA TREVINO            §        IN THE COUNTY COURT
                          §
                          §
VS.                       §        AT LAW NUMBER 3
                          §
ALLSTATE PROPERTY &       §
CASUALTY INSURANCE COMPANY §        CAMERON COUNTY, TEXAS

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY,

Defendant in the above-styled and numbered cause, and files this its Original Answer to

Plaintiff's Original Petition and would show the Court the following:

### I.

Defendant denies each and every, all and singular, the allegations contained in

Plaintiff's Original Petition, and demands strict proof thereof as required by law.

### II.

The Defendant specially excepts to Paragraph 9 and the Prayer of Plaintiff's Original

Petition wherein Plaintiff alleges damages but wholly fails to set forth the amount of

contended past and future damages for each element and without such specific allegations

the Defendant cannot properly prepare its Answer and defenses herein and of this Special

Exception, Defendant prays judgment of the Court.

DEFENDANT'S ORIGINAL ANSWER - Page 1

## III.

By way of further answer herein, Defendant denies that Plaintiff is entitled to recover punitive damages in this case since Defendant's conduct at all relevant times demonstrated reasonable care. To recover punitive damages, the Plaintiff must establish an actual or constructive intent to harm based upon conscious indifference to the creation of a high probability of harm. An intent to injure, actual or constructive, is completely absent in this case.

## IV.

By way of further answer, Defendant states that the standards and instructions regarding punitive damages are inadequate, vague and ambiguous, further violating the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution.

## V.

Defendant further states that the correct standard for submitting its burden of proof for punitive damages is "clear and convincing evidence." Any lesser standard is a violation of the due process clause of the Fourteenth Amendment of the United States Constitution and the Texas Constitution, and Sec. 41.001(2) of the Texas Civil Practice and Remedies Code, and that Plaintiff must obtain a unanimous jury verdict regarding all questions relating to establishing punitive damages.

## VI.

Defendant would further request a bifurcated trial of this case in accordance with Sec. 41.009 of the Texas Civil Practice and Remedies Code. Pursuant to this section, Defendant would request bifurcation of the determination of the amount of punitive damages from the remaining issues in the case.

## VII.

Defendant hereby makes its written request for a jury trial in this cause pursuant to Rule 216 of the Texas Rules of Civil Procedure and deposits with the County Clerk of Cameron County, Texas, the requisite jury fee of Twenty-Two Dollars ($22.00).

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff's suit be dismissed at Plaintiff's cost, and for such other and further relief to which Defendant may be entitled, either at law or in equity.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas   78520
(956) 542-5666
(956) 542-0016 (Fax)
Attorneys for Defendant

By _____
   JEFFREY D. ROERIG
   Texas State Bar #17161700
   ROSEMARY CONRAD-SANDOVAL
   Texas State Bar #04709300

rom\orig.ans\24120

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Defendant's Original Answer has been mailed, Certified Mail No. 7160 3901 9848 1268 4911, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, TX   78586

on this 22nd day of March, 2004.

JEFFERY D. ROERIG

rom\orig.ans\24120

# CIVIL DOCKET

CASE NO. 2004-CCL-00252-C

| | DATE OF FILING | | |
|---|---|---|---|
| | MONTH | DAY | YEAR |
| | 02 | 20 | 04 |

**JURY FEE,**

JURY FEE

PAID BY

| NAME OF PARTIES | ATTORNEYS | KIND OF ACTION |
|---|---|---|
| YOLANDA TREVINO | (00469101) RANDALL P. CRANE | (01) |
| VS | | SUIT ON DAMAGES (AUTO) |
| ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY | | |

| DATE OF ORDERS | COURT'S DOCKETS | PAPERS FILED - (CLERK'S FILE DOCKET) |
|---|---|---|
| | | |

CAUSE NO. 2004-CCL-00252-C

| | | |
|---|---|---|
| YOLANDA TREVINO | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| VS. | § | AT LAW NUMBER 3 |
| | § | |
| ALLSTATE PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY | § | CAMERON COUNTY, TEXAS |

NOTICE OF FILING NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

PLEASE TAKE NOTICE that the Defendant, on the 24th day of March, 2004, filed

in the United States District Court for the Southern District of Texas, Brownsville Division,

a Notice of Removal of the above-referenced and numbered cause pursuant to 28 U.S.C.

Sections 1441 and 1332.  A copy of said Notice of Removal is attached hereto.

Respectfully submitted,

ROERIG, OLIVEIRA & FISHER, L.L.P.
855 W. Price Road, Suite 9
Brownsville, Texas   78520
(956) 542-5666
(956) 542-0016 (Fax)

By _____
      JEFFREY D. ROERIG
      Texas State Bar #17161700

Rosemary Conrad-Sandoval
ROERIG, OLIVEIRA & FISHER, L.L.P.
506 East Dove
McAllen, Texas   78504
(956) 631-8049
(956) 631-8141 (Fax)
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing Notice of Filing Notice of Removal has been mailed, Certified Mail No. 7160 3901 9848 1268 4935, Return Receipt Requested, to the Attorney for Plaintiff, as follows:

Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, TX   78586

on this 24th day of March, 2004.

JEFFREY D. ROERIG

rom\motions\24120.notice