Case 1:04-cv-00054   Document 8   Filed in TXSD on 05/04/2004   Page 1 of 4

United States District Court
Southern District of Texas
FILED

MAY 0 4 2004

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA TREVINO | § | CIVIL ACTION NO.   B-04-054 |
| | § | |
| VS. | § | |
| | § | JURY DEMANDED |
| ALLSTATE PROPERTY & | § | |
| CASUALTY INSURANCE COMPANY | § | |

### DEFENDANT'S REPLY TO PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Allstate Property Indemnity Company, mistakenly named as Allstate Property & Casualty Insurance Company, and files this Defendant's Response to Plaintiff Yolanda Trevino's Motion to Remand and would respectfully show the Court the following:

### I. INTRODUCTION

1. On or about February 20, 2004, Plaintiff sued Defendant for allegedly not complying with its liability insurance policy under the provisions dealing with "Uninsured/Underinsured Coverage" in the County Court at Law Number 3 in Cameron County, Texas.

2. Defendant timely filed its notice of removal on or about March 24, 2004 in the U.S. District Court for the Southern District of Texas, Brownsville Division. However, On April 14, 2004, Plaintiff filed a Motion to Remand.

### II. ARGUMENT

3. The Court may remand a case on the basis of any defect identified in a motion for

remand made within 30 days after the filing of the notice of removal under 28 U.S.C § 1446(a). Plaintiff has not identified any defects in her Motion for Remand.

4. The Court should DENY Plaintiffs Motion to Remand because there is complete diversity between the parties. *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000). The Plaintiff is domiciled in Cameron County, Texas, while Defendant is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action arose at Northbrook, Cook County, in the State of Illinois. Therefore, the Plaintiff is a citizen of Texas and the Defendant is a citizen of the State of Illinois and there is complete diversity between the parties.

5. Plaintiff misapplies 28 U.S.C. § 1332(c)(1) in her attempt to force a Texas citizenship upon the corporate Defendant by contending that federal jurisdiction is improper because Defendant is the *"insurer"*, which under 28 U.S.C. § 1332 (c)(1), states *her* "compelled to adopt the "insured's" citizenship". In actuality, § 1332(c)(1) states that:

> "in any **direct action** against the **insurer** of a policy or contract of liability insurance ... to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen...."

6. The jurisdiction question hinges on whether this suit against Defendant is a "direct action" against the insurer thus making Defendant a citizen of Texas. This proviso does not affect suits brought by an insured against her own insurer based on its independent wrongs or actions. *Blankenship v. Sentry Ins. Co., 1995 U.S.* Dist.

LEXIS 22249 (plaintiffs motion to remand based on 28 U.S.C. §1332(c)(1) denied).

7. Thus, when an insured brings a suit based on the insurer's failure to settle within policy limits or in good faith, as the Plaintiff does here, the §1332(c)(1) "direct action" provision does not preclude diversity jurisdiction. *Id.;* see also *Parker v. Southern Farm Bureau Casualty Ins. Co.,* 2002 U.S. Dist. LEXIS 515; 3.; *Backham v. Safeco Ins. Co.,* 691 F.2d 898, 901-02 (9th Cir. 1982); *Fortson v. St. Paul Fire and Marine Ins. Co.,* 751 F.2d 1157, 1159 (11th Cir. 1985). When an insured brings an action against his/her own insurer, this does not constitute a "direct action" under § 1332(c)(1). *Barton v. Allstate Ins. Co.,* 729 F. Supp. 56, 57 (W.D. Tex. 1990). Therefore, the Defendant is a citizen of Illinois not Texas.

8. Just like in *Blankenship,* the Plaintiff brings a suit against her own insurer, the Defendant, under a breach of good faith claim and such an action does not constitute a "direct action" as explained in 28 U.S.C. §1332(c)(1). Therefore, Defendant does not take on the citizenship of the insured Plaintiff, and Defendant is not a resident of Texas under § 1332(c)(1). Rather, Defendant is a citizen of Illinois and federal jurisdiction is proper based on the diversity of citizenship between the parties.

9. In addition, pursuant to Plaintiff pleading the amount in controversy exceeds $75,000.00, excluding interest, costs, and attorney fees.

### III. CONCLUSION

10. Because the amount in controversy exceeds $75,000.00, excluding interest, costs, and attorney fees and the parties have complete diversity of citizenship, the insurer Defendant asks the Court to DENY the Plaintiff's Motion to Remand and retain the case on the Court's docket.

Respectfully submitted,

**ROERIG, OLIVEIRA & FISHER, LLP.**
506 East Dove Avenue
McAllen, Texas 78504
Tel: (956) 631-8049
Fax: (956) 631-8141

By: _____
Jeffrey D. Roerig
State Bar No. 17161700


### CERTIFICATE OF SERVICE

I, undersigned, hereby certify that a true and correct copy of the foregoing Response to Plaintiffs Motion for Remand has been mailed, certified mail, return receipt requested, on this the **4th** day of **May, 2004** to the Attorney for Plaintiff, as follows:

Mr. Randall P. Crane
LAW FIRM OF RANDALL P. CRANE
201 S. Sam Houston
San Benito, TX 78586

_____
Jeffrey D. Roerig