IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA TREVINO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action B-04-054 |
| | § | |
| | § | |
| ALLSTATE PROPERTY & | § | |
| CASUALTY INSURANCE CO., | § | |
| | § | |
| Defendants. | § | |

## ORDER

BE IT REMEMBERED that on May 5, 2004, the Court **DENIED** Plaintiff's motion to remand [Dkt. No. 6].

**I.    Factual and procedural background**

This case arises out of a car accident between Plaintiff Yolanda Trevino and Ms. Maria Elena Saldana. After the accident, Plaintiff determined that Ms. Saldana was underinsured. Plaintiff then contacted her own insurer Defendant Allstate Property & Casualty Insurance Company to make a claim under her uninsured or underinsured motorist coverage on her own insurance policy. Defendant disputed the claim.

Plaintiff filed an original petition in Cameron County Court at Law Number 3, seeking monetary relief for physical injuries and violations of the Texas Deceptive Trade Practices Act. Defendant filed an answer in the state court and immediately filed a notice of removal based on diversity jurisdiction because Plaintiff is a Texas resident, Defendant is incorporated and has its principal place of business in the State of Illinois, and the amount in controversy exceeds $75,000. Plaintiff has filed a motion to remand. Defendant has not filed a response,[1] and the motion to remand is now ripe for

---

[1] Local Rule 7.4 states that "Failure to respond will be taken as a representation of no opposition." Notwithstanding this rule, the Court considers the

consideration by the Court.

## II.   Discussion

### A.   Defendant Allstate is not a Texas citizen

The federal removal statute permits a defendant to remove any civil action in which the United States district courts have original jurisdiction unless removal is otherwise prohibited by federal law. See 28 U.S.C. § 1441(a) (2000). Federal removal jurisdiction extends to disputes between citizens of different states where the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a) (2000). In this matter it is "facially apparent" that the Plaintiff's claims are likely to exceed $75,000. See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880 (5th Cir. 2000). The parties, however, dispute whether complete diversity of citizenship exists. The Plaintiff's jurisdictional challenge centers on whether the direct action proviso of § 1332(c)(1) affects the citizenship of the foreign Defendant.

In general, federal law deems a corporation to be a citizen of its state of incorporation and also a citizen of the state in which it has its principal place of business. See 28 U.S.C. § 1332(c)(1) (2000). An exception to the general corporate citizenship rule lies in liability insurance context, where § 1332 may assign a defendant insurer an additional state's citizenship.

Section 1332(c)(1) provides in relevant part that "any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen." The effect of this "direct action proviso" is to deny federal diversity jurisdiction in cases where the plaintiff and the defendant insurer are citizens of different states, but the plaintiff and the insured tortfeasor are citizens of the same state.

Section 1332(c)(1) does not deny federal diversity jurisdiction in every case in which an insurance company is a party defendant. The proviso applies only to policies

---

merits of Plaintiff's motion to remand in conjunction with the arguments in Defendant's notice of removal.

of liability insurance in which an indemnity agreement protects the insured from liability to others. See *Hull v. Allstate Ins. Co., Inc.*, 682 F. Supp. 867, 868 (E.D. La. 1988). Moreover, the proviso's application is restricted to a "direct action," an action against an insurer that faces liability only because of its relationship with the absent (but otherwise liable) insured party. Additionally, when an insured brings an action against his own insurer, this does not constitute a "direct action." See *Barton v. Allstate Ins. Co.*, 729 F. Supp. 56, 57 (W.D. Tex. 1990). The direct action proviso is not applicable to a simple coverage dispute between the insured and his own insurer.

The direct action proviso of Section 1332(c)(1) is not applicable in this case. This dispute does not one involve liability insurance or an indemnification policy that protects the insured from its liability to third parties. Though the Defendant insurer is a direct party to this litigation, its potential liability arises from a contractual obligation to the Plaintiff and not from an indemnification agreement with an absent, nondiverse third party. The matter thus is not a direct action, as those terms have been construed, and the direct action proviso is not applicable.

**B.   Is Maria Elena Saldana a nondiverse defendant in this case?**

In reviewing the file, the Court noticed that Plaintiff referred to Ms. Saldana as a defendant and actually alleged two causes of action against her. Plaintiff failed to name Ms. Saldana in the case caption or under the heading labeled PARTIES and apparently has not served Ms. Saldana. Finally, there are no factual allegations about Ms. Saldana's domicile in either the complaint or the notice of removal.

The fact that Ms. Saldana has not been served is irrelevant to the Court's jurisdictional inquiry. See *Zaini v. Shell Oil Co.*, 853 F. Supp. 960, 963 (S.D. Tex. 1994) ("A federal district court has original jurisdiction over an action based on diversity only where there is complete diversity between the parties. In determining whether complete diversity exists, service on the defendants is irrelevant; rather, the Court simply considers the citizenship of all named defendants."). Whether Ms. Saldana is actually a defendant and whether she is a Texas citizen are relevant to the jurisdictional inquiry. The parties will come to the initial pretrial conference prepared to discuss and present documentary evidence on these issues.

## III. Conclusion

For these reasons, Plaintiff's motion to remand [Dkt. No. 6] is **DENIED**. The Court will, however, address subject matter jurisdiction at the initial pretrial conference on May 25, 2004.

DONE at Brownsville, Texas, this 5th day of May 2004.

                                                                         _____
                                                                         Hilda G. Tagle
                                                                         United States District Judge