United States District Court
Southern District of Texas
FILED

MAY 11 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA TREVINO | § | |
| | § | CIVIL ACTION NO. B-04-054 |
| VS. | § | |
| | § | (JURY DEMANDED) |
| ALLSTATE PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |

## JOINT REPORT OF THE MEETING AND JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER FEDERAL RULE CIVIL PROCEEDING 26(F)

1. State where and when the meeting of the parties by Rule 26(f) was held, and identify the counsel who attended for each party.

   Plaintiff's counsel and Defendant's counsel did not meet, however, Plaintiff's counsel attempted to call Defendant's counsel, but they were not available.

2. List the cases relate to this one that are pending in any state or federal court, with the case number and court.

   YOLANDA TREVINO VS. ALLSTATE PROPERTY & CASUALTY INSURANCE COMPANY  Cause No. 2004-CCL-00252-C, Cameron County Court At Law #3, Cameron County, Texas.

3. Briefly describe what this case is about.
   This cause of action arose from an automobile accident which occurred on June 22, 2000 in Brownsville, Cameron County, Texas. Plaintiff Yolanda Trevino and her two children were struck from behind by an underinsured motorist. Defendant Allstate issued to Plaintiff Yolanda Trevino an uninsured/underinsured insurance policy to protect her in the event of an accident, as such as occurred, where the driver did not carry sufficient coverage. Plaintiff has therefore filed suit against Allstate for failing to pay damages pursuant to its uninsured/underinsured coverage.

4. Specify the allegation of federal jurisdiction.

Plaintiff has filed a Motion to Remand. The Motion states that this cause of action does not arise under federal law and complete diversity does not exist between the parties involved. The amount in controversy does not exceed $75,000.00.

Defendant claims diversity of citizenship of the parties and that the plaintiff has plead that the controversy exceeds $75,000.00.

5. Name the parties who disagree and the reasons.

Plaintiff disagrees that diversity of citizenship exists in that the amount in controversy **does not** exceed $75,000.00.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

Plaintiff is unaware of any additional parties at this time.

7. List anticipated interventions.

None known of at this time.

8. Describe class-action issues.

None.

9. State Whether each party represents that it has made the initial disclosures required by Rule 26(2). If not, describe the arrangements that have been made to complete the disclosures.

Defendant has not made its initial disclosures pursuant to Federal Rule Civil Procedure 26(a)(1).

Plaintiff has made her initial disclosures pursuant to Federal Rule Civil Procedure 26(a)(1).

10. Describe the proposed agreed discovery plan, including:
   A. Responses to all the matters raised in Rule 26(f).

   Responses will be timely filed in accordance with the rules.

   B. When and to whom the Plaintiff anticipates it may send interrogatories.

   The Plaintiff anticipates sending her initial interrogatories to the Defendants immediately following the initial pre-trial conference.

   C. When and to whom the defendant anticipates it may send interrogatories.

   Defendants anticipate sending its initial interrogatories to the plaintiff immediately following the initial pre-trial conference.

   D. Of whom and by when the plaintiff anticipates taking oral depositions.

   Plaintiff anticipates taking the depositions of the Defendant's representatives, defendant's experts and all health care providers as soon as they are made available by defendant and after receiving its answers to interrogatories.

   E. Of whom and by when the Defendant anticipates taking oral depositions.

   Defendants anticipate taking the oral depositions of Plaintiff and her health care treaters after receiving the answers to their interrogatories.

   F. List expert depositions the Plaintiff anticipates taking and their anticipated completion date.

   Plaintiff anticipates taking the experts depositions soon after they are disclosed in accordance with Federal Rule Civil Procedure 26(a) (2)(B), but after the pre-trial conference.

    G.    List expert depositions the defendant anticipates taking and their anticipated completion date.

         Defendants anticipate taking the experts depositions soon after they are disclosed in accordance with Federal Rule Civil Procedure 26(a)(B).

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

    None at this time.

12. Specify the discovery beyond initial disclosure that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    October 1, 2004.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    None at this time.

15. Describe what each party had done or agreed to do to bring about a prompt resolution.

    Nothing at this time.

16. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

    Plaintiff is agreeable to an alternative dispute resolution.

17. Magistrate judges may now hear jury and non-jury trials.
    Indicate the parties joint position on a trial before a magistrate judge.

    Plaintiffs will agree to have this case tried before a magistrate judge.

18. State whether a jury demand has been made and if it was made in on time.

    Plaintiffs made a jury demand at the time the suit was filed in County Court.

19. Specify the number of hours it will take to present the evidence in this case.

    Approximately 2 to 3 days.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    a) Plaintiff's Motion To Remand.

21. List other motions pending.

    None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing of original and any amendments.

    Plaintiff filed her Disclosure of Interested Parties with the court on April 13, 2004. Defendant filed its Disclosure of Interested Parties with the court on April 8, 2004.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    | | |
    |---|---|
    | Randall P. Crane<br>**Law Office of Randall P. Crane**<br>201 S. Sam Houston<br>San Benito, Texas 78586<br>Telephone No. (956) 399-2496<br>Facsimile No. (956) 399-7398<br>State Bar #05006900 | Attorney for Plaintiff |
    | Jeffrey D. Roerig<br>Rosemary Conrad-Sandoval<br>**Roerig, Oliviera & Fisher**<br>506 E. Dove<br>McAllen, Texas 78504<br>Telephone No. (956) 631-0849<br>Facsimile No. (956) 631-8141<br>State Bar No. 04709300<br>Federal No. 13738 | Attorney for Defendant<br><br>*no signatures* |