United States District Court
Southern District of Texas
FILED

MAY 1 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YOLANDA TREVINO | § § § | |
| VS. | § | CIVIL ACTION NO. B-04-054 |
| | § § | |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY | § § | |

**JOINT DISCOVERY / CASE MANAGEMENT PLAN**
**Under Rule 26(f) Federal Rules of Civil Procedure**

**JUDGE:**     United States District Judge
              United States Courthouse
              600 East Harrison
              Brownsville, Texas 78520

**CONFERENCE:**     May 25, 2004

1.  **State when and where the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

    Counsel conferred by telephone on May 14, 2004.

2.  **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

    Yolanda Trevino v Allstate Property & Casualty Insurance Company; Cause No. 2004-CCL-00252-C; Cameron County Court at Law Number 3, Cameron County, Texas.

3.  **Briefly describe what this case is about.**

    This cause of action arose from an automobile accident which occurred on June 22, 2000 in Brownsville, Cameron County, Texas. Plaintiff Yolanda Trevino and her two children were struck from behind by an underinsured motorist. Defendant Allstate issued to Plaintiff Yolanda Trevino an uninsured/underinsured insurance policy to protect her in the event of an accident, such as occurred, where the driver did not carry sufficient coverage. Plaintiff has therefore filed suit against Allstate for failing to pay damages pursuant to its uninsured/underinsured coverage.

4.  **Specify the allegation of federal jurisdiction.**

    Diversity. 28 U.S.C. § 1332.

5.  **Name the parties who disagree and the reasons.**

    Plaintiff has filed a Motion to Remand.

6.  **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    N/A.

7.  **List anticipated interventions.**

    None.

8.  **Describe class-action issues.**

    None.

9.  **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    Plaintiffs have made their initial disclosures. Defendant agrees to make its initial disclosures within 14 days of the Initial Pre-trial Conference.

10. **Describe the proposed agreed discovery plan, including:**

    A.  **Responses to all the matters raised in Rule 26(f).**

        None.

    B.  **When and to whom the Plaintiff anticipates it may send interrogatories.**

        Plaintiff anticipates sending interrogatories to Defendant immediately following the Initial Pre-Trial Conference.

    C.  **When and to whom the Defendant anticipates it may send interrogatories.**

        Defendants anticipate sending its initial interrogatories to the plaintiff immediately following the initial pre-trial conference.

    D.  **Of whom and by when the Plaintiff anticipates taking oral depositions.**

Plaintiff anticipates taking the depositions of the Defendant's representatives, defendant's experts and all health care providers as soon as they are made available by defendant and after receiving its answers to interrogatories.

E. **Of whom and by when the Defendant anticipates taking oral depositions.**

Defendant anticipates taking Plaintiff's deposition and any witnesses and experts as identified by Plaintiff.

F. **List expert depositions the Plaintiff anticipates taking and their anticipated completion date.**

Plaintiff anticipates taking the experts depositions soon after they are disclosed in accordance with Federal Rule Civil Procedure 26(a)(2)(B), but after the pre-trial conference.

G. **List expert depositions the defendant anticipates taking and their anticipated completion date.**

Defendants anticipate taking the experts depositions soon after they are disclosed in accordance with Federal Rule Civil Procedure (26(a)(B).

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

N/A

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None at this time.

13. **State the date the planned discovery can reasonably be completed.**

6 – 9 months.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties will consider mediation and/or arbitration.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Nothing at this time.

16. **From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable.**

    Defendant is agreeable to arbitration and/or mediation.

    Plaintiff is agreeable to mediation.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    Not agreed at this time.

18. **State whether a jury demand has been made and if it was made on time.**

    Yes.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Approximately 2 to 3 days.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    Plaintiff's Motion to Remand.

21. **List other motions pending.**

    None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    None.

23. **Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested parties listing the date of filing for original and any amendments.**

    Defendant filed its Disclosure of Interested Parties on April 8, 2004.

    Plaintiff filed its Disclosure of Interested Parties on May 11, 2004.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **Counsel of Plaintiff:**    Randall P. Crane
    LAW OFFICE OF RANDALL P. CRANE
    201 S. Sam Houston
    San Benito, Texas 78586
    (979) 399-2496
    (979) 399-7398 Facsimile

    _____
    RANDALL P. CRANE
    State Bar No. 05006900    w/ permission
    Federal Bar No.

    **Counsel for Defendant:**
    **Allstate Property and**
    **Casualty Insurance Company**

    ROERIG, OLIVEIRA & FISHER, L.L.P.
    506 East Dove
    McAllen, Texas 78504
    (956) 631-8049
    (956) 631-8141 (Fax)

    _____
    JEFFREY D. ROERIG
    State Bar No. 17161700
    Federal Bar No. 1503

    ROSEMARY CONRAD-SANDOVAL
    State Bar No.: 04709300
    Federal Bar No.: 13738